IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs May 19, 2004 Session

# IN RE:  ESTATE OF ANGULA WILSON WHITEHORN TURNER

**A Direct Appeal from the Chancery Court for Tipton County**
**No. P-1398      The Honorable Dewey C. Whitenton, Chancellor**

_____

### No. W2003-02652-COA-R3-CV - Filed August 30, 2004

_____

Beneficiary of will appeals the order of the chancery court awarding attorney fees, executor fees, and other expenses.  Both factual and legal objections are made to the awards made by the court.  The legal objections are without merit, and the factual objections are not well-taken, because there is no transcript or statement of the evidence.  We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Jack R. Whitehorn, *Pro Se*

Elizabeth B. Ziarko of Covington for Appellee, Estate of Angula Wilson Whitehorn Turner

### MEMORANDUM OPINION[1]

On August 27, 2003, Jim Whitehorn ("Appellee") filed a Petition for Fees and Expenses to recover from the estate of his mother, Ms. Angula Wilson Whitehorn Turner, executor's expenses and attorney expenses, and to distribute money owed to the estate of Ms. Turner's deceased husband, Mr. Hugh Turner.  The Petition states, in relevant part:

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by Memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

1. Your Petitioner and Hugh C. Turner were appointed as Co-Executors of this estate without bond by order of this Court dated January 9, 1997.

2. Three claims have been filed in this cause and exceptions thereto have been filed, and all claims have been denied.

3. Petitioner alleges and would show to the Court that the only asset of this estate, other than some miscellaneous furniture and household items, were two tracts of real estate owned by the decedent, Angula Wilson Whitehorn Turner, at the time of her death. Petitioner would show to the Court that shortly after the death of the decedent, Jack Whitehorn and Louis Komlose caused to have recorded in the Register's Office of Tipton County, Tennessee, a deed purporting to convey title to this property to Louis Komlose. Petitioner would further show to the Court that this transaction has been the subject of a very long dispute which was tried in the Federal District Court, western section, of Tennessee, and judgment thereon having been appealed to the Sixth Circuit Court of Appeals and the United States Supreme Court. Petitioner would show to the Court that the result of that lawsuit was that the deed was rescinded and title re-vested as though the deed had never been recorded. A copy of the default judgment of the Federal District Court is attached hereto and made a part hereof.

4. [Jim Whitehorn] alleges that due to the actions of Jack Whitehorn, a considerable amount of time and expense have been incurred. [Jim Whitehorn] alleges that because of this lawsuit he had to come to Tennessee from his home in Florida on several occasions in order to assist with the lawsuit. The attorney for the estate, Elizabeth B. Ziarko, has incurred substantial time and expenses prosecuting the lawsuit.

\*     \*     \*     \*

6. [Jim Whitehorn] alleges that the estate of Hugh Turner is entitled to a distribution of approximately $33,000.00 which is the amount paid by Hugh Turner on a note owed by Angula Wilson Whitehorn Turner on the same property. In the codicil to the will of Angula Wilson Whitehorn Turner, she specified that this amount should be repaid if the note was paid by Hugh Turner. He did pay the note and the estate has a copy of the cancelled check. [Jim Whitehorn] alleges that he believes the Estate of Hugh Turner should bear a part of the

fees and expenses incurred to obtain a return of the property to the estate.

\* \* \* \*

8. [Jim Whitehorn] alleges that he should receive a fee commensurate with his duties, responsibilities and work and should be reimbursed for all out of pocket expenses including storage charges, utility bills and travel expenses.

9. [Jim Whitehorn] alleges that the attorney, Elizabeth B. Ziarko, is requesting a fee of one-third to 40% of the assets of the estate. [Jim Whitehorn] alleges the attorney also paid considerable expenses for the property and the prosecution of the lawsuit which should be reimbursed. [Jim Whitehorn] is informed that the attorney will present an affidavit to the Court concerning her time and expenses.

The attorney for the estate of Ms. Turner, Elizabeth Ziarko, filed an Attorney's Affidavit for Petition for Fees and Expenses on August 27, 2003, which provided that she had spent at least 187.65 hours on matters concerning the estate. She also provided an itemized expense report totaling $2,984.10. Several attorneys filed accompanying affidavits concerning the reasonable fee for Ms. Ziarko's work representing the estate, the range of said fees being $40,000-$43,500.

On August 29, 2003, Jack Whitehorn ("Appellant") filed an Opposition to Petition for Fees and Expenses in his standing as 50% heir to the estate of Ms. Turner. The pleading states that the Petitioner did not actually handle the administration of the estate, that the attorney did not represent the estate. The pleading also denies that there was no personal property left of the estate, avers that Jack Whitehorn acted in good faith and should be furnished copies of all expenses items, or that there is a conspiracy to prevent him from obtaining his rightful part of the estate, that the Turner estate should have no part of the funds in this estate, and that the attorney for the estate could not be allowed any fees because she is illegally practicing law.

On September 25, 2003, the Chancery Court of Tipton County entered an Order Awarding Executor Fees and Expenses, Attorney Fees and Expenses and Determination of Allocation of Fees and Expenses. The Order provided, in relevant part:

1. The Executor of the Estate is authorized and directed to pay to Elizabeth B. Ziarko the sum of $40,000.00 for fees and expenses.

2. The Executor of the Estate is authorized and directed to pay to the Estate of Hugh Turner the sum of $29,650.00.

3. The Executor of the Estate, Jim Whitehorn, is authorized and directed to pay to himself the sum of $13,051.50 for fees and

expenses.

4. The Executor of the Estate is authorized and directed to pay the residue of the Estate, after taking into account any final Court costs, in equal shares, to the residuary beneficiaries, Jim Whitehorn and Jack R. Whitehorn.

Jack Whitehorn appeals from this Order and raises five issues on appeal:

1. Whether Judge Elizabeth B. Ziarko is entitled to any fees pursuant to Tenn. Sup. Ct. R. 10, Canon 4G as well as other improprieties;

2. Whether Jim Whitehorn should be allowed any sum of expenses as the so-called executor of [Ms. Turner's] estate;

3. Whether the estate of Hugh Turner should receive any funds due to a bankruptcy petition filed pursuant to Title 11, Chapter 7, United States Bankruptcy Code after the death of Angula Wilson Whitehorn turner and other irregularities concerning "loan" and repayment of loan;

4. Whether any court can rule on any pleading (i.e. filing) if the said pleading was never filed with the court; and

5. Whether Jack Whitehorn is entitled to see any affidavits or other writings upon which the lower court would base their findings?

Since this case was tried by the court sitting without a jury, we review a trial court's findings of fact *de novo* upon the record, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). Our review of a trial court's determinations on questions of law, however, is *de novo*, with no presumption of correctness. *Gonzalez v. State Dep't of Children's Servs.*, 136 S.W.3d 613, 616 (Tenn. 2004). We should also point out that Jack Whitehorn appears *pro se*; however, *pro se* litigants are not excused from complying with the applicable substantive and procedural law. *Paehler v. Union Planters Nat'l Bank*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997).

We will consider Issues 1 and 2 together: The Appellant first questions the right of the attorney to a fee award based upon the prohibition against the practice of law by a judge in the Code of Judicial Conduct set out in Rule 10, Rules of the Supreme Court, Canon 4(G). This prohibition does not apply to part time judges, and Appellant's assertion that the attorney for the estate is a city court judge of the City of Covington would not constitute any type of conflict of interest.

As to the attorney fees, the fees for the executor, and the expenses incurred in the administration of the estate, the allowance of such fees and expenses are proper charges against the

estate. *See* Harry Phillips & Jack W. Robinson, <u>Pritchard on Wills and Administration of Estates</u> § 863 (5th ed. 1983) and cases cited therein; ***Moore v. Martin***, 109 S.W.3d 305, 313 (Tenn. Ct. App. 2003). The order of the trial court reflects that a hearing was held, and the trial court determined that the fees and expenses requested were for the personal representative and the attorney and were reasonable and necessary. The record does not contain a transcript or statement of the evidence of the hearing before the trial court. In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorable to the appellee. ***Leek v. Powell***, 884 S.W.2d 118 (Tenn. Ct. App. 1994). Accordingly, these two issues by the Appellant are without merit.

In Issue 3, Appellant asserts that because Hugh Turner, prior to his death, filed a petition in bankruptcy, his estate should not be allowed the bequest in the will of the decedent. The record indicates that the will specifically provided for a bequest to Turner, and there is nothing in the record concerning a bankruptcy filed by Mr. Turner, or whether there is such a bankruptcy, or whether it is still in existence. The record just does not show anything in this regard and, here again, it is presumed that the trial court found all issues in favor of the appellee because of a lack of a transcript or statement of the evidence. This issue is without merit.

Issue No. 4 presented by Appellant is: "Whether any court can rule on any pleading (i.e., filing) if the said pleading was never filed with the court."

This issue, as framed, begs the answer. Certainly, if it is not in the record of the court, the court cannot consider it. Appellant is relating to the fact that the court referred to a cross-petition in its order that provided for the sale of the real property. We have no way of knowing why the trial court referred to the cross-petition, but, nevertheless, there is no such cross-petition in the record in this Court, and any reference thereto would have no bearing on the fact that the estate was found to be insolvent and the sale of the real estate necessary. This issue is without merit.

The final issue presented by the Appellant is whether the Appellant is entitled to see any affidavits or other writings upon which the trial court based its findings. Certainly, the Appellant and any other interested parties are allowed to see the record of the court, as they are public records and available for inspection. Nothing in the record indicates that the Appellant sought and was deprived of such a right. Therefore, this issue is without merit.

The order of the trial court is affirmed. This case is remanded to the trial court for further proceedings as are necessary. Costs of the appeal are assessed against the Appellant, Jack Whitehorn, and his surety.

 

 

 

_____
**W. FRANK CRAWFORD, PRESIDING JUDGE , W.S.**

-5-